NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

KARLA STEPHANIE LEYVA RABAGO,
*Appellant*.

No. 1 CA-CR 20-0061
FILED 3-16-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-115451-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

_____

**W E I N Z W E I G**, Judge:

¶1        Karla Stephanie Leyva Rabago appeals her convictions and sentences for two counts of aggravated driving while under the influence of intoxicating liquor or drugs. After reviewing the record, Rabago's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking us to search the record for fundamental error. Rabago had a chance to file a supplemental brief but did not. We affirm Rabago's convictions and sentences after reviewing the record.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Early one morning in April 2019, a Phoenix police officer observed Rabago driving against the flow of traffic and conducted a traffic stop. Rabago admitted she drank "a couple beers." The officer saw that Rabago's eyes were bloodshot and he smelled alcohol coming from the car's interior. Rabago then failed a field-sobriety test. Breathalyzer tests recorded Rabago's blood alcohol levels at .204 and .191.

¶3        The State charged Rabago with one count of aggravated driving while under the influence of intoxicating liquor or drugs and impaired to the slightest degree, and one count of aggravated driving while under the influence of intoxicating liquor or drugs and with a blood alcohol level over .08. The State alleged no prior convictions. Rabago pleaded not guilty on both charges. After a three-day trial, the jury convicted Rabago of both counts. The superior court sentenced Rabago to 4 months in prison and 2.5 years supervised probation, giving her 217 days' presentence credit. Rabago timely appealed. We have jurisdiction. *See* Ariz. Const., art. 6, sec. 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

**DISCUSSION**

¶4        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300.

**¶5**　　　　Rabago's counsel contends the superior court erroneously imposed a $4 Peace Officer Training Equipment Fund ("POTEF") assessment in Rabago's sentencing order because the court imposed no POTEF assessment in its oral pronouncement of sentencing. We agree. The written sentencing order must be corrected to strike the assessment. *See State v. Ovante*, 231 Ariz. 180, 188, ¶¶ 38-39 (2013).

**¶6**　　　　We otherwise find no error. Rabago was present at all stages of the proceedings against her, except for a portion of the first day of trial when her presence was waived. She was represented by counsel at all critical stages. The record reflects that the superior court afforded Rabago all her constitutional and statutory rights and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support the jury's verdict. Rabago's sentence falls within the range prescribed by law.

## CONCLUSION

**¶7**　　　　We modify Rabago's sentence by vacating the $4 POTEF assessment from Rabago's written sentencing order and affirm her convictions and sentences as modified. Counsel's obligations in this appeal will end once Rabago is informed of the outcome and her future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Rabago has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:　AA